**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

JEFFREY JACOBS,

     Plaintiff,

v.                                            Case No.

AIG SPECIALTY INSURANCE COMPANY & JPMORGAN CHASE BANK, N.A.,

     Defendants.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

To:    The Judges of the United States District Court
       Southern District of Florida, Miami Div.

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby removes the above-captioned action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-005009-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.

As shown below, this Court has original subject matter jurisdiction over this matter because: (a) the parties are completely diverse and (b) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Counsel for Plaintiff and filed with the Miami-Dade County Circuit Court in the State Court Action. In support hereof,

Chase states as follows:

1.      On March 20, 2024, Plaintiff, Jeffrey Jacobs ("Plaintiff"), commenced this action by filing a Complaint in the State Court Action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2.      Chase was served with the Summons and Complaint on March 28, 2024. A true and correct copy of the Summons and Complaint are attached hereto and incorporated herein as **Composite Exhibit "A"**.

3.      All other pleadings and papers that have been filed in the State Court Action other than the Summons and Complaint are attached hereto as **Composite Exhibit "B"**. Within the meaning and intent of 28 U.S.C. § 1446, the documents contained in Composite Exhibits "A" and "B" constitute all process, pleadings, and orders filed to date in the State Court Action.

4.      Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Chase's receipt of the initial pleading; and (c) as shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States within the meaning of that provision and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.      **The Diversity of Citizenship Requirement is Satisfied.**

5.      The parties to this action are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

6.      For purposes of diversity jurisdiction, the citizenship of an individual is his place of domicile. *See Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) ("The citizenship

of a natural person is the person's place of domicile, which requires residence in a state and an intention to remain in that state indefinitely."); *Williams v. Lexington Ins. Co.*, No. 21-62300-CIV-DIMITROULEAS, 2021 U.S. Dist. LEXIS 264439, at *10 (S.D. Fla. Dec. 13, 2021) (the place of residence is prima facie evidence of a party's domicile).

7.      Plaintiff alleges that he resides in Miami-Dade County, Florida. Compl. ¶ 2. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

8.      Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JP Morgan Chase Bank, NA et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). Chase is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction.

9.      Defendant, AIG Specialty Insurance Company ("AIG"), is a corporation. For purposes of diversity jurisdiction, the citizenship of a corporation like AIG is every State where the company is incorporated and the State where the company has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Christman v. Jackson Hewitt, Inc.,* 379 F. App'x 956 (11th Cir. 2010); *Rico v. Nat'l Specialty Ins. Co.*, No. 23-cv-22779-ALTMAN/Reid, 2023 U.S. Dist. LEXIS 188921, at *4 (S.D. Fla. Oct. 20, 2023).

10.     Plaintiff has alleged that AIG is an Illinois corporation conducting business in

Miami-Dade County, Florida. *See* Compl. ¶ 3. An online search of AIG reflects that it is likely an Illinois corporation maintaining its principal place of business in either Illinois or New York. Accordingly, AIG is a citizen of Illinois and possibly New York for purposes of diversity jurisdiction. Critically, AIG is ***not*** a citizen of Florida or Ohio.

11.     Thus, because Plaintiff is a citizen of Florida, AIG is a citizen of Illinois and/or New York, and Chase is a citizen of Ohio, there is complete diversity of citizenship between the parties.

**B.      The Amount in Controversy Requirement Is Satisfied.**

12.     Plaintiff's Complaint seeks damages against Chase arising out of an "unauthorized" wire transfer from Plaintiff's Chase account. Plaintiff alleges that the wire transfer totaled $98,000.00. *See* Compl. ¶¶ 11-14.

13.      Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.00, as Plaintiff alleges that it suffered damages totaling $98,00.00. Compl. ¶ 14.

**C.      All Other Removal Prerequisites Have Been Satisfied.**

14.     This Notice of Removal is timely filed because it has been filed within thirty (30) days of Chase's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

15.     Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. 28 U.S.C. § 1446(a).

16.     This action is not a non-removable action as described under 28 U.S.C. § 1445.

17.     In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and will file a Notice of Filing this Notice of Removal

4

with the Clerk of the Circuit Court of Miami-Dade County, Florida in the State Court Action.

## RESERVATION OF ALL RIGHTS AND DEFENSES

18.     In removing this action, Chase does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those set forth in Federal Rules of Civil Procedure 12(b) and 13. Chase further reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

## CONCLUSION

19.     Removal of this case is timely and appropriate. This civil action is between a citizens of the States of Ohio, Illinois, and Florida, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, Chase removes the State Court Action to this Court based on 28 U.S.C. § 1332(a), and requests that this Court take jurisdiction over this matter to its conclusion and final judgment in accordance with the law.

DATED this 29th day of April, 2024.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:  (407) 420-1000
Facsimile:   (407) 420-5909

By: */s/ Courtney M. Keller*
    Courtney M. Keller, Esquire
    Florida Bar No. 028668
    Savannah Young, Esquire
    Florida Bar No. 1031408
    Email:   kellerc@gtlaw.com
                youngsa@gtlaw.com

5

nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2024 I electronically filed the foregoing **Defendant's Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

Matthew A. Barket, Esquire
Barket & Forns, PLLC
5975 Sunset Drive, Suite 602
Miami, Florida 33143
Email: MB@bf.legal
*Counsel for Plaintiff*

/s/ Courtney M. Keller
Courtney M. Keller